# Exhibit A

Filing # 47190370 E-Filed 10/03/2016 12:27:50 PM

Case Number: CACE-16-017928 Division: 14

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JULIE DWYER,

    Plaintiff,

Case No.: _____

vs.

CHAMPLAIN ENTERPRISES, LLC, d/b/a
CommutAir, a Delaware Limited Liability
Company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JULIE DWYER, sues Defendant, CHAMPLAIN ENTERPRISES, LLC, and alleges:

### Introduction

1. This is an action by JULIE DWYER against her former employer for violations of the Family and Medical Leave Act of 1993. By the filing of this action, Plaintiff seeks her damages, reinstatement and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Family and Medical Leave Act of 1993 ("FLSA"), 29 U.S.C. § 2601, *et. seq.*. The Court has jurisdiction over the claims pursuant to 29 U.S.C. §§ 1331, 1343(4).

3. This is an action for damages in excess of $15,000, exclusive of costs and interest.

4. Venue is proper in Broward County because the claim arose there and because the Defendant conducts business in Broward County, has significant contacts within Broward County and has otherwise consented to jurisdiction.

1

## Parties

5. Plaintiff, JULIE DWYER (hereafter "Plaintiff" or "DWYER"), was at all times material an employee of CHAMPLAIN ENTERPRISES, LLC. DWYER is an "eligible employee" as defined by 29 USC § 2611 (2), in that she was employed for at least 12 months by the Defendant and worked at least 1250 hours during the 12 month period prior to her exercising of her rights under the FMLA. In addition, Plaintiff was employed at a location where Defendant employed more than 50 employees within 75 miles of the worksite.

6. Defendant, CHAMPLAIN ENTERPRISES, LLC, d/b/a CommutAir (hereafter "CommutAir" or "Defendant"), is a Delaware Limited Liability Company that operates a regional airline under the name of United Express, and thus is an affiliate and related entity of United Airlines.

7. United Airlines, and thus its affiliate, CommutAir, is engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 2611(4), which has employees subject to the provisions of the FMLA.

## General Allegations

8. Plaintiff was employed by Defendant as a flight attendant from March 2, 2015, up until her termination on or about September 21, 2016.

9. Plaintiff suffers from vertigo. On or about June 16, 2016, Plaintiff informed Defendant's HR Manager, Denise Daniels, that she was suffering with a vertigo flare up and that she needed time off to treat her condition. Ms. Daniels, at that time, advised the Plaintiff, "if you have vertigo, you shouldn't be working here." Despite Ms. Daniel's inappropriate comment, Plaintiff submitted the required FMLA request, which was subsequently granted through June 21, 2016. Plaintiff returned to work on June 22, 2016.

10. Thereafter, Plaintiff experienced another vertigo flare up, and again requested

leave pursuant to the FMLA on or about July 23, 2016. Plaintiff's FMLA leave was approved for this episode, and she returned to work on July 29, 2016.

11. On or about September 16, 2016, Plaintiff endured yet another vertigo episode, which resulted in her physician recommending that she take medical leave through October 1, 2016. Plaintiff was expected to return to work on or October 2, 2016, well within her allotted 12-weeks of unpaid leave pursuant to the FMLA.

12. On or about September 21, 2016, while still under medical care and recovering from her bout with vertigo, Plaintiff received a voice mail from Defendant's HR Manager, Ms. Daniels, advising that Plaintiff's job was terminated.

### Count I/FMLA Violations

13. Plaintiff realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 to 11 above.

14. Among the substantive rights granted by the FMLA to eligible employees is the right to "Twelve workweeks of leave during any 12- month period . . . . because the employee's own serious health condition makes the employee unable to perform the functions of his or her job, and the right following leave "to be restored by the employer to the position of employment held by the employee when the leave commenced" or to an equivalent position, 29 U.S.C. § 2614(a)(1).

15. DWYER was entitled to leave under the FMLA pursuant to 29 U.S.C. § 2612(a)(1)(B) because she was experiencing medical issues related to her symptoms associated with vertigo.

16. By terminating DWYER after she took medical leave, and while on medical leave, Defendant denied or otherwise interfered with her substantive rights under the FMLA, 29 U.S.C. §§ 2615(a)(1), and retaliated against Plaintiff for engaging in activity protected by the

3

FMLA, 29 U.S.C. §§ 2615(a)(1) & (2).

WHEREFORE, Plaintiff prays that this Court will grant judgment:

A. Finding Defendant's actions toward DWYER to be violative of her rights under the FMLA;

B. Awarding DWYER payment of all back wages and lost benefits found by the Court to be due under the FMLA;

C. Awarding DWYER an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Reinstating DWYER to her previous position, with restoration of all benefits and seniority as if her position had not been terminated.

E. Granting such other and further relief as is just;

F. Awarding DWYER her costs, including a reasonable attorney's fee.

### JURY DEMAND

Plaintiff demands trial by jury on all counts set forth in this Complaint.

Dated: October 3, 2016
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawageclaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for DWYER

4

Case Number: CACE-16-017928 Division: 14
Filing # 47190370 E-Filed 10/03/2016 12:27:50 PM

IN THE CIRCUIT/COUNTY COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR **Broward** COUNTY, FLORIDA

**Julie Dwyer**
Plaintiff/Petitioner or In the Interest Of

CASE NO. _____

vs.

**Champlain Enterprises, LLC**
Defendant/Respondent **d/b/a Commutair**

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

Notice to Applicant: If you qualify for indigence and are unable to pay the costs listed in FS 57.081, you must enroll in the clerk's payment plan and pay a one-time administrative fee of $25.00. This fee shall not be charged for Dependency or Chapter 39 Termination of Parental Rights actions.

1. I have **0** dependents. (Include only those persons you list on your U.S. Income tax return.)
   Are you Married?...Yes..(No) Does your Spouse Work?...Yes....No    Annual Spouse Income? $_____

2. I have a net income of $ **0** paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other _____.
   (Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)

3. I have other income paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other _____ **None**
   (Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

| | | | |
|---|---|---|---|
| Second Job | Yes $ ___ (No) | Veterans' benefits | Yes $ ___ (No) |
| Social Security benefits | | Workers compensation | Yes $ ___ (No) |
| For you | Yes $ ___ (No) | Income from absent family members | Yes $ ___ (No) |
| For child(ren) | Yes $ ___ (No) | Stocks/bonds | Yes $ ___ (No) |
| Unemployment compensation | Yes $ ___ (No) | Rental income | Yes $ ___ (No) |
| Union payments | Yes $ ___ (No) | Dividends or interest | Yes $ ___ (No) |
| Retirement/pensions | Yes $ ___ (No) | Other kinds of income not on the list | Yes $ ___ (No) |
| Trusts | Yes $ ___ (No) | Gifts | Yes $ ___ (No) |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Circle "Yes" and fill in the value of the property, otherwise circle "No")

| | | | |
|---|---|---|---|
| Cash | (Yes) $ **107.00** No | Savings account | (Yes) $ **150.00** No |
| Bank account(s) | (Yes) $ **100.00** No | Stocks/bonds | Yes $ ___ (No) |
| Certificates of deposit or money market accounts | Yes $ ___ (No) | Homestead Real Property* | Yes $ ___ (No) |
| Boats* | Yes $ ___ (No) | Motor Vehicle* | (Yes) $ **5,000** No |
| *show loans on these assets in paragraph 5 | | Non-homestead real property/real estate* | Yes $ ___ (No) |
| | | Other assets* | Yes $ ___ (No) |

Check one: I ( ) DO (✓) DO NOT expect to receive more assets in the near future. The asset is _____.

5. I have total liabilities and debts of $_____ as follows: Motor Vehicle $ **3,000**, Home $ **0**, Boat $ **0**, Non-homestead Real Property $ **0**, Child Support paid direct $ **0**, Credit Cards $ **0**, Medical Bills $ **0**, Cost of medicines (monthly) $ **40**, Other $_____.

6. I have a private lawyer in this case: (Circle "Yes" or "No") (Yes) No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed this **27th** day of **September**, 20**16**.

**4-19-66**       D▓▓▓▓▓▓▓       Signature of Applicant for Indigent Status
Date of Birth    Driver's License or ID Number    Print Full Legal Name **Julie Dwyer**
                                                   Phone Number: **754-366-▓▓▓▓**

**7608 NW 40th Court, Coral Springs FL 33065**
Address, P O Address, Street, City, State, Zip Code

This form was completed with the assistance of: _____
                                            Clerk/Deputy Clerk/Other authorized person.

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be **Indigent** / Not Indigent, according to s. 57.082, F.S.
Dated this **OCT 13 2016** — 20 ___.
                         _____  Clerk of the Circuit Court
                         By _____ **Michelle Byrd** , Deputy Clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME.
THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision _____

06/23/2010

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 10/3/2016 12:27:49 PM ****

Filing # 49113926 E-Filed 11/18/2016 06:49:46 PM

# Affidavit of Process Server

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

| JULIE DWYER | VS | CHAMPLAIN ENTERPRISES, LLC | 16-017928 DIV 14 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

DENORRIS BRITT being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 11/18/16

Service: I served CHAMPLAIN ENTERPRISES, LLC
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS & COMPLAINT

by leaving with AMY MCLAREN (authorized person at the registered agent) At
NAME                                                         RELATIONSHIP

☐ Residence
ADDRESS                                                      CITY / STATE

☒ Business C/O THE CORPORATION TRUST CO. 1209 ORANGE STREET WILMINGTON, DE 19801
ADDRESS                                                      CITY / STATE

On 11/18/16 AT 2:40 PM
DATE                                                         TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                                                  DATE

from_____
       CITY            STATE           ZIP

Manner of Service:
☒ CORPORATE SERVICE
☐ Personal: By personally delivering copies to the person being served.
☐ Substituted at Residence: By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ Substituted at Business: By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ Posting: By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ Non-Service: After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

Service Attempts: Service was attempted on: (1)_____ _____ (2)_____ _____
                                                  DATE        TIME         DATE        TIME
(3)_____ _____ (4)_____ _____ (5)_____ _____
    DATE        TIME         DATE        TIME         DATE        TIME

AGE 35   Sex F   Race W   Height 5'6   Weight 130   HAIR BROWN

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 18TH day of November, 2016.

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires September 14, 2020

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the state of DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 11/18/2016 6:49:45 PM.****